IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN F. WARD,

    Plaintiff,

v.                                                                                                  No. 1:21-cv-00725-JHR

BEVERLY SIDES,
LOTTIE SIDES, and
GREG B. WARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Civil Complaint, Doc. 5, filed August 30, 2021 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 3, 2021.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed a declaration stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $781.00; (ii) Plaintiff's monthly expenses total $631.00; and (iii) Plaintiff has $432.00 in cash or in a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed a declaration stating he is unable to pay the costs of this proceeding and because his low monthly income only slightly exceeds his monthly expenses.

**The Complaint**

Plaintiff alleges that after his father passed away, a law firm "disbursed the proceeds of said insurance settlement, without Plaintiff, John F. Ward[']s knowledge or signature, to above named Defendants" and "a portion of said insurance settlement was placed in a joint checking account  of [Defendant] Lottie Sides and [Plaintiff's deceased mother] Margaret Elizabeth Ward ... and the remainder in a safe deposit box controlled by Defendants."  Complaint at 2, ¶¶ 4, 6.  Plaintiff also alleges that he "renovated a house ... paying for all material and labor with the agreement that plaintiff would receive a lease to provide long term housing." Complaint at 3, ¶ 7.  Plaintiff asserts a claim for "theft of property, concerning the settlement," and a breach of contract claim concerning the renovation of the house.  Complaint at 3.

The Complaint fails to state a claim upon which relief can be granted for Plaintiff's conversion and breach of contract claims. *See Muncey v. Eyeglass World, LLC,* 2012-NMCA-120 ¶ 22 ("Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made"); *Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 34 (to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The Complaint does not state: (i) when Defendants took control over the settlement proceeds; (ii) that Plaintiff was entitled to the settlement proceeds; (iii) when and how Defendant Beverly Sides breached the contract; or (iv) when Plaintiff became aware of the conversion of the funds or the breach of contract.

Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over Defendants, all of whom reside in Alabama. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

Finally, the Complaint does not contain allegations showing that the District of New Mexico is a proper venue for this case. The statute governing venue in general states;

A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While the Complaint should be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court orders Plaintiff to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d).  The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction, contains factual allegations that show the Court can

assert personal jurisdiction over Defendants, and contains factual allegations showing that the District of New Mexico is a proper venue for this case; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 3, 2021, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file a complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**